Curia, per

O’Neall, J.
The first ground of appeal raises the question whether the depositions of Dr. Amoka, a deceased witness, were admissible in evidence. In addition to the general statement made in the report, I will, before I examine the question of admissibility, state the view Chancellor Dunkin took of the proceeding, under which the depositions were taken. He said, “ this is not a rule against the purchaser at the commissioner’s sales, requiring him to comply with the terms of sale; but it is substantially a summary application on the part of the purchaser, to obtain the aid of the Court in rescinding a contract already completed, and on grounds which, if available at all, would afford a perfect legal defence to the enforcement of the contract. I may add, that if I had taken a different view of this point of the case, I should certainly have deemed it necessary to order an issue, as the testimony adduced has not enabled me to form a satisfactory opinion.
I regard the former order of reference as merely an inquiry into the facts, and the judgment of the Court thereon.
The facts disclosed do not appear to me to make a case for the interposition of the Court. The motion of the purchaser, Thomas M’Whorter, for the re-delivery of the bond and mortgage, is dismissed.”
The rule under which the depositions or oral testimo *258 ny of a deceased witness in another cause is received in a case on trial, is very well stated in 1st Stark, on Ev. 267, “ To admit a deposition or the oral testimony of a witness in a former cause, it is necessary to shew that such a cause or proceeding legally existed ; for otherwise it would not appear that the deposition was any thing more than the mere voluntary affidavit of a stranger.” In the same book, and at the same page, the following test of admissibility under this rule is given: “ It seems to be a general rule, that the depositions or evidence in a former cause are never admissible in evidence, unless the verdict or judgment would in itself be evidence.” Looking to this, it would seem to be plain, that when no judgment could be given, that of course the testimony would be inadmissible. In the case in Chancery, no judgment could be given, for the want of jurisdiction on the point (whether the bond should be enforced,) now in issue between'these parties. Hence, no evidence heard in that cause, could be evidence in this. It is, however, beyond all controversy, that no cause ever legally existed. For an unauthorized inquiry in Chancery, and so declared to be by that Court, will not justify the reception of the depositions of a witness examined under it, and who has since died, in a subsequent cause between the same parties. For, when the Court originating such an inquiry declares it to be illegal, it is the same as if it had never been made. The reference and motion to rescind the contract, by delivering the bond and mortgage to the purchaser, was an attempt to try a plain legal question, a question of unsoundness, arising originally, and not collaterally, in the Court of equity. This was properly refused by the Chancellor, and dismissed for want of jurisdiction. A proceeding without jurisdiction, is as if none in fact had existed.
In 1st Phill. on Ev. 289, it is stated to be law — “ If the suit in equity be dismissed for the irregularity of the complainant, it has been said that the depositions in that cause cannot be read in any fresh suit. Thus, when a devisee brings a bill of revivor on a suit commenced by his devi-sor, and depositions are taken, and then the cause is dismissed, because a devisee claiming as a purchaser, and not by representation, cannot bring a bill of revivor, the devisee will not *259 be allowed, on exhibiting a new original bill, to use the former depositions; for, in the first cause, in which the complainant mistook his remedy, there was no complaint regularly before the Court, and consequently there could not regularly be any depositions.” This authority reaches completely the point before us. For if, when a bill is dismissed on account of the plaintiff’s mistaking his remedy, depositions taken in it are inadmissible in a fresh suit, it would seem to be clear, that depositions taken under a rule of reference, which is afterwards declared to be illegal, cannot, in any. after case, be received as evidence. For, in the language of the authority, “ there was regularly no complaint before the Court, and consequently there could not regularly be any depositions.”
The second ground is concluded by the authority referred to in the report, and by the case of Johnson vs. Wideman, Dudley’s Law Rep. 325.
The motion is dismissed.
Evans, Butler, and Wardlaw, JJ., concurred.
Richardson, J.. I think the evidence of Dr. Amoka was competent, and therefore I dissent.
THE STATE OF SOUTH CAROLINA, I . Barnwell District. J ■ ’
Thomas M’Whorter, Richard W. Walker, and William P. Walker, were summoned to answer to Alfred P. Aldrich, successor in office of Gasper J. Trotti, Commissioner in Equity for Barnwell, of a plea of debt, that they render unto him the full and just sum of thirteen hundred and forty-six dollars, which to him they owe, and from him unjustly detain, and so forth. And whereupon, the said plaintiff, by Patterson, his attorney, complains that whereas, the said defendants, on the thirteenth day of February, in the year of our Lord one thousand eight hundred and thirty-seven, at Barnwell, in the district and State aforesaid, by their certain writing obligatory, commonly called a bond, sealed with the seal of the said defendants, acknowledged themselves held and firmly bound unto the said Gasper J. Trotti, commissioner as aforesaid, in the aforesaid sum of thirteen hundred and forty six dollars, to be paid to the said Gasper J. Trotti, his successors in office, or assigns, when they should be thereunto afterwards required. Nevertheless, the aforesaid defendants, although often required, the said sum of thirteen hundred and.forty-six dollars havenot as yet rendered, but the same to the said Gasper J. Trot-ti, as such commissioner, or to the said plaintiff, his successor in office, refused, and still refuse to render; wherefore, the said plaintiff, as commissioner aforesaid, is worse and hath sustained damage to the value of one hundred dollars, and therefore he brings suit, and so forth. And the said plaintiff produces here in Court, the writing obligatory *260 aforesaid, which testifies the debt aforesaid, in the form aforesaid; tire date whereof is the day and year aboye written, and so forth.
PATTERSON, Plaintiff’s Att’y.
And the said defendant saitli that the within supposed writing obligatory is not the act and deed of the said defendant, and of this he puts himself on the country, and so forth. BELLINGER & WIMBISH, Defendmt’s Alt’s.
The plaintiff will take notice that the defendant admits the execution of the bond, and under the Act of Assembly of 1831, will offer evidence to show that the negro, (for whose purchase the bond was given,) was diseased at the time of sale, and of no value.
BELLINGER & W., Defendami’s Ait’s.
And the plaintiff doth the like.
PATTERSON, Plaintiff’s Ally.
CLERK’S OFFICE, \ I hereby certify that the foregoing are true copies of the de-Barn/well Disleid. $ claration, plea, notice and similiter, in tire order in which they stand on the original record. ORSAMITS D. ALLEN, C. C. P.
'Per Y. J. WILLIAMSON.